By the Court.
 

 Henry H. Staley, who operated a truck route from Cincinnati to Washington C. H., in Fayette county, filed an application for the extension of his route from Washington C. H. to Columbus, via London, Ohio, and to double his truck equipment.
 

 George Killeen & Son, who operated a truck route from Columbus to Xenia, via London, Ohio, filed an application for the extension of that route from Xenia to Cincinnati, and for an increase of equipment by adding a two and one-half ton tractor with semi-trailer.
 

 Protests against granting these extensions and increases of equipment were filed by J. H. McClure, receiver of the I., C. & E. Traction Company, by the C., H & D. Railway Company and others, the plaintiffs in error, especially protesting against through service between Columbus and Cincinnati. Staley
 
 *486
 
 and Killeen & Son each protested against the granting of a certificate to the other. The two applications were consolidated and heard together, and the extensions and increased service allowed by the commission, with certain restrictions imposed upon Staley, relating to his picking np goods at Washington C. H. and London, designed for Columbus, and
 
 vice versa.
 

 After denial of rehearing by the Public Utilities Commission, the railway company and the receiver for the I., C. & E. Traction Company filed their petitions in error in this court seeking a reversal of the commission’s orders. The only complaint now made and relied on by the plaintiffs in error, as we gather from the statements of their counsel, relates to the commission’s orders which permit the applicants to use through service between the cities of Cincinnati and Columbus; no opposition is urged against the intermediate service from points between those cities. At the hearing, counsel for protestants said: “If I may say on behalf of the protestants that I am representing, our protest goes particularly to the service — the trucking service proposed to be rendered by the applicant from Columbus to Cincinnati —the through service. We are willing to withdraw our opposition if it could be stipulated that there would not be that carriage.”
 

 The record shows that transportation facilities, by freight and express, are furnished by companies other than the plaintiffs in error. The I., C. & E. Traction Company is an interurban line carrying passengers and freight from Columbus to Dayton, and the C., H. & D. Railway Company is . also an interurban railway carrying passengers and freight
 
 *487
 
 from Dayton to Cincinnati. Both of these companies have joint freight tariffs and maintain a common freight depot at Dayton.
 

 While the testimony discloses that public necessity and convenience may require the extension of the applicant ’s route for the purpose of serving communities through which the lines of these plaintiffs in error do not pass, there is no public necessity and convenience shown such as necessitate the rendition of through service by the applicants between the cities of Cincinnati and Columbus. The present transportation facilities between these two cities, for the transportation of freight, is adequate, especially when combined with the additional services rendered between Cincinnati and Columbus by other transportation companies, viz. steam railroads and motor transportation companies operating singly or in combination between those two cities. Jackson & Sons have a certificated route between Columbus and Cincinnati in which freight pick-up is made at both places. In addition, three steam railroad companies, carrying freight and express, furnish service between these two cities. The record shows, and it is not without substantial dispute, that the I., C. & E. Traction Company provides a through freight ear from Columbus to Cincinnati, and
 
 vice versa,
 
 leaving Columbus about 4:10 p. m., with delivery in Cincinnati the following morning. While there is a common depot at Dayton, these freight cars, operating under joint tariffs, go through without transfer. In addition to this service, the I., C. & E. Traction Company runs four regularly scheduled freight trains, and sometimes more, carrying L. C. L. freight between the terminal cities and these connect with
 
 *488
 
 the C., H. & D. Railway at Dayton; and that railway company makes four regular trips daily each way carrying carload freight between Dayton and Cincinnati. The I., C. & E. trains are equipped with a motor and three trailers; and the company has sufficient equipment for further freight service if there is a demand shown therefor. There is also quick dispatch freight service on the I., C. & E. 'passenger cars, carrying L. C. L. freight, which make fifteen trips each way daily between Columbus and Cincinnati between 5 a. m. and 11 p. m. These passenger cars are equipped with freight and baggage compartments, and carry as high as 1500 pounds in a single shipment. These facilities are designed to meet the need of fast freight service along the line between Cincinnati and Columbus, and the cars reach the terminal destinations in about six hours. These shipments are transferred at Dayton, but it appears that a delay of but a few minutes is required for that transfer.
 

 We therefore glean from this testimony that, so far as through service between Columbus and Cincinnati is concerned, the present facilities for through service between these points are entirely adequate, and there is no public necessity and convenience demanding through service between those cities by means of the two additional routes certified by the commission.
 

 It appears from the testimony that Norwood, about five miles distant from the heart of Cincinnati, has a number of manufacturing plants requiring speedy and more adequate service than is now rendered by present facilities. The lines of the plaintiffs in error, as we gather from this record, do
 
 *489
 
 not pass through that city, and the only method by which those plants could use the facilities of plaintiffs in error would be by trucking their goods to the C., H. & D. terminal at Cincinnati. So far as the city of Norwood is concerned, therefore, we are inclined to the view that public convenience and necessity require that additional facilities should be provided by the line of the applicant which passes through Norwood. This, however, does not impinge upon the right of the plaintiffs in error to protest against the through service between Cincinnati and Columbus, which we think is adequately provided for by the facilities of plaintiffs in error and the other transportation companies heretofore alluded to.
 

 Plaintiffs in error do not seem to have pick-up or door-to-door delivery service at Columbus or Cincinnati, depending upon the numerous local truck concerns in both cities for the rendition of such service ; one certificated motor route between those- cities does exercise such service at both termini. These applicants, if granted extensions of their respective routes, propose to pick up-and make door-to-door deliveries in both cities for the benefit of the residents therein; and there is no doubt that private concerns, especially those which have no local truck service of their own, would be advantaged by having a door-to-door service. However, evidence of the proposed establishment of door-to-door delivery by the applicants does not
 
 ipso facto
 
 constitute conclusive evidence of public convenience and necessity; nor does it dispense with the polestar, statutory requirement of proving that public convenience and necessity exist for through service between Columbus and
 
 *490
 
 Cincinnati.
 
 Lima-Toledo Rd. Co.
 
 v.
 
 Public Utilities Commission, ante,
 
 421, 169 N. E., 445. If extensions of their routes are granted by the Public Utilities Commission to the applicants, they should be granted with restrictions, and among others a restriction preventing through service from Columbus to Cincinnati, and preventing pick-up or delivery, in either city, of freight consigned to or from one city to the other.
 

 The orders of the Public Utilities Commission will be reversed, and the cause remanded to the commission for further proceedings in accordance with this opinion.
 

 Orders reversed and cause remanded.
 

 Marshall, C. J., Kinkade, Robinson, Jones, Matthias and Allen, JJ., concur.